Filed 1/20/21  In re L.A. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re L.A. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B306404 (Super. Ct. Nos. J072449, J072450.) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>R.A.,<br><br>    Defendant and Appellant. | |

R.A., father of two minor children, (Father) appeals an order of the juvenile court dismissing the minors' petitions and placing them in their mother's physical and legal custody.  We conclude that the juvenile court did not abuse its discretion by not holding an in-camera hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, 124 (*Marsden*), and affirm.  (*In re Z.N.*

(2009) 181 Cal.App.4th 282, 294 [standard of review of denial of *Marsden* motion].)

*FACTUAL AND PROCEDURAL HISTORY*

Father and E.A. (Mother) are legally separated and the parents of two minor children, L.A. and L.R.A. On March 10, 2020, the Los Angeles County Juvenile Court detained two of Father's younger minor children (half-siblings) because of his substance abuse. Social welfare concerns arose when Father's girlfriend gave birth and she and Father appeared to be under the influence of drugs in the hospital. Father and his girlfriend refused to participate in drug testing, either for themselves or their newborn.

On March 24, 2020, the Ventura County Human Services Agency (HSA) filed a dependency petition alleging that Father was using methamphetamine and abusing prescription drugs and that his other minor children were the subject of current Los Angeles County juvenile dependency proceedings. (Welf. & Inst. Code, § 300, subds. (b) & (j).) The juvenile court detained L.A. and L.R.A., placed them in Mother's exclusive custody, and appointed counsel to represent Father.

On April 16, 2020, HSA submitted a jurisdiction and disposition report recommending that the juvenile court sustain the dependency petition but dismiss the dependencies and grant Mother full legal and physical custody. Father challenged the recommendation and requested a contested jurisdiction and disposition hearing. On May 18, 2020, the court continued the contested hearing date to May 21, 2020, at Father's request.[1]

---

[1] On May 14, 2020, Father was arrested for being under the influence of controlled substances.

2

At the scheduled May 21, 2020, trial date, Father requested and was granted another continuance because his Los Angeles County dependency case was still pending and his counsel in that case had died. The juvenile court continued the jurisdiction and disposition hearing to June 15, 2020.

On June 15, 2020, Father requested another continuance because his Los Angeles County dependency case remained pending. The juvenile court denied the request and ordered the jurisdiction and disposition hearing to commence two days later, on June 17, 2020.

On June 17, 2020, the juvenile court called the contested jurisdiction and disposition hearing. Father's counsel stated that she was prepared to litigate the matter that day, but that Father "wishes to remove [her] from the case and he has sought out other counsel." The juvenile court judge responded that Father's decision to hire new counsel "at the very last second to delay proceedings" would not be permitted. Father then replied that he and his attorney have had "a serious breakdown in communication" and that he "wasn't able to have any witnesses here or any with the short . . . two days' notice." The judge responded that she was ready to proceed and that unless he wanted to discuss a matter either on the record or with her privately, the hearing would proceed. Father inaccurately repeated that he only had two days to summon witnesses. The judge noted that the matter had been pending since April 21, and she then directed HSA to proceed presenting its evidence.

At the contested hearing, Father presented three witnesses: himself, the social worker, and the mother of his girlfriend. The juvenile court also received evidence of HSA reports and memoranda and heard argument from the parties.

The court then sustained the petition, and dismissed the dependencies, placing physical and legal custody to Mother.

Father appeals the order placing his two children in Mother's legal and physical custody and dismissing the dependency.

*DISCUSSION*

Father asserts that the juvenile court's inquiry into his complaints was deficient and not in accord with *Marsden* procedures.  He contends that the order must be conditionally reversed and the matter remanded for an in-camera *Marsden* hearing.

In dependency proceedings, parents have a statutory and due process right to competent counsel, including court-appointed counsel if the parents are indigent.  (Welf. & Inst. Code, § 317.5, subd. (a); *In re M.P.* (2013) 217 Cal.App.4th 441, 455.)  Juvenile courts have relied upon the *Marsden* procedure to permit parents "to air their complaints about appointed counsel and request new counsel be appointed."  (*M.P.*, at p. 455.)  We review the denial of a *Marsden* motion by considering the timeliness of the motion, the adequacy of the court's inquiry into the parent's complaint, and whether the conflict between parent and counsel resulted in a total lack of communication preventing an adequate defense.  (*In re Z.N.*, *supra*, 181 Cal.App.4th 282, 294.)  It is within the court's discretion to deny a motion to substitute made on the eve of trial where substitution necessarily would result in a continuance.  (*Ibid.*)

For several reasons, the juvenile court did not abuse its discretion by not holding an in-camera hearing.  Father did not request the court to *appoint* different counsel; Father's counsel stated that Father had "sought out other counsel."  (*In re V.V.*

4

(2010) 188 Cal.App.4th 392, 398 [*Marsden* proceedings inapplicable where parent seeks to hire new private counsel].) Father also made his request to remove appointed counsel on the day of trial, after having received several continuances amounting to a month.

In any event, the juvenile court made a sufficient inquiry into Father's complaints given Father's limited responses to the court's inquiries. The judge inquired whether there was "something specific that [Father] want[ed] to discuss either on the record with everybody here or with [her] privately." Father did not directly respond to the question; instead he complained (inaccurately) of only two days' notice to obtain witnesses and "a big breakdown in communication." Father offered no specific complaints concerning counsel nor did he request to speak to the court privately. At the inception of the hearing, Father's counsel announced that she was prepared to try the matter that day. Indeed, Father provided the testimony of three witnesses at the hearing. The court did not abuse its discretion by not providing an in-camera hearing to Father.

*DISPOSITION*

The order is affirmed.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

5

Tari L. Cody, Judge

Superior Court County of Ventura

_____

Deborah Dentler, under appointment by the Court of
Appeal, for Defendant and Appellant.

Michael G. Walker, County Counsel, Joseph J. Randazzo,
Assistant County Counsel, for Plaintiff and Respondent.